IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

SAMUEL SNOWDEN                                                                PLAINTIFF

v.                          Civil No. 05-4066

POULAN/WEEDEATER                                                              DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Samuel Snowden, proceeding pro se, has filed a civil action under the Americans with Disabilities Act (ADA) and Title VII of the Civil Rights Act, claiming that he was discriminated against based on his disability and race. The court provisionally filed plaintiff's in forma pauperis (IFP) application (Doc. 2) and complaint, subject to this later determination of whether plaintiff should be granted pauper status and his complaint should be served on the defendants (Doc. 3). To assist in this determination, the court ordered plaintiff to file an addendum to his complaint. (Doc. 4.) On March 27, 2006, the plaintiff filed his addendum. (Doc. 5.)

### I. Background

In his complaint and addendum, the plaintiff alleges that his employer, Poulan/Weedeater, discriminated against him when the defendant terminated Snowden's employment on June 18, 1987; denied Snowden coverage under the health insurance policy; and, denied him the ability to file a workers' compensation claim on June 8, 1987. (Docs. 1, 5 at ¶¶ 4, 7.) Snowden states that he was denied the right to file directly with the employer on June 8, 1987, but that he did file a claim with the Arkansas Workers Compensation Commission in February 1989. (Doc. 5 at ¶ 8.)

Plaintiff attached to his complaint the Equal Employment Opportunity Commission

(EEOC) Dismissal and Notice of Rights, which reflects that the EEOC closed the case because plaintiff's claim was not timely filed with the EEOC. (Doc. 1. Attach.)

In his addendum, the plaintiff indicated that the alleged dates of the alleged discrimination were June 8, 1987, June 25, 1991, March 19, 2004, and December 13, 2005. (Doc. 5 at ¶ 1.) While plaintiff contends that he has presented the EEOC charge to the court and has attached a second copy of the charge to his addendum, what he has submitted is a letter from the EEOC confirming a telephone conversation with the plaintiff on May 16, 2005. This letter has a hand-written notation dated May 31, 2005, and stating that an EEOC charge has been drafted and was being sent in a separate envelope. While the plaintiff fails to supply the actual EEOC charge, a May 31, 2005 letter indicates that a charge was drafted on the basis of racial and disability discrimination and delivered to the plaintiff for his signature. (Doc. 5 Attach.)

When asked about the discriminatory actions taken after his termination in June 1987, plaintiff stated

> On June 25, 1991, after denying my claim for four years at that point, Poulan WeedEater and its Insurance Carrier [sic] resolved by claim by Extrinsic Fraud [sic]. After I learned about the fraud, Poulan WeedEater have [sic] continued to deny me my benefits knowing the Joint Petition Order of June 25, 1991 was procurement of Extrinsic Fraud [sic].

(Doc. 5 at ¶ 9.)

When asked to explain why he delayed his filing of the EEOC charge, the plaintiff stated

> I seeked [sic] the assistance of an attorney for years, but because my claim was resolved by Extrinsic [sic] fraud perpetrated by Poulan WeedEater's attorney and Insurance [sic] carrier's attorney, I had trouble finding help.

(Doc. 5 at ¶ 3.)

Snowden apparently attempted to have the Arkansas Workers' Compensation

Commission (AWCC) set aside the joint petition settlement on the basis of fraud, and when the AWCC refused on the basis of lack of jurisdiction, Snowden appealed this decision to the Arkansas Court of Appeals, which affirmed the AWCC's refusal to reopen the case. The Arkansas Court of Appeals noted that "[a] joint petition award finally concludes all rights of the parties, foreclosing any right of appeal from the order approving the settlement, even where fraud is alleged." *Snowden v. Poulan/Weedeater*, No. CA 04-1203, 2005 WL 2542948 (Ark. App. Oct. 12, 2005) (unpublished).

## II. Discussion

Under Title VII and the ADA, an EEOC charge must be filed within 180 days of the alleged discriminatory conduct. *See* 42 U.S.C. § 2000e-5(e)(1) (180-day limit under Title VII); 42 U.S.C. § 12117(a) (180-day limit under ADA); *Shempert v. Harwick Chem. Corp.*, 151 F.3d 793, 796 n.3 (8th Cir. 1998) (180-day filing limit in Arkansas). Under 28 U.S.C. § 1915(e)(2)(B), preservice dismissal of the complaint is proper if the untimeliness of the EEOC charge was apparent. The timely filing of the EEOC charge is, similar to a statute of limitations, subject to estoppel and equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982).

Equitable tolling is appropriate when the plaintiff, despite due diligence, is unable to obtain vital information bearing on the existence of a claim. *See Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1238 (8th Cir. 1995). Equitable estoppel applies where the employee's failure to file the EEOC charge is a result of either deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing the EEOC charge. *See Dring*, 58 F.3d at 1329-30 & n. 3. Neither of these

AO72A
(Rev. 8/82)

exceptions apply here. Snowden does not allege that despite due diligence he was unable to obtain information vital to his claim, rather the complaint and addendum show that the plaintiff actively pursued his claim through the AWCC as far back as 1991. Second, while the plaintiff claims that the defendant committed "extrinsic fraud," this fraud appears to be based upon the joint petition settlement before the AWCC, and does not appear in any way related to plaintiff's ability to file his EEOC charge.

Clearly, there is nothing to justify plaintiff's more than fifteen year delay in filing his EEOC charge. This claim is untimely and should be dismissed as so.

### III. Conclusion

Therefore, I recommend (1) granting plaintiff's in forma pauperis application (Doc. 2.) and (2) dismissing plaintiff's complaint as untimely and thus frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (IFP action, or any portion thereof, may be dismissed on such grounds at any time).

**Snowden has ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. Snowden is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of May 2006.

                                                 **/s/ Bobby E. Shepherd**
                                                 _____
                                                 HON. BOBBY E. SHEPHERD
                                                 UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)